# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-174V**

| | |
|---|---|
| JANICE REEVE,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 25, 2026 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.*

*Emily Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 6, 2021, Janice Reeve filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on October 7, 2020. Petition at 1. On July 26, 2023, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 30. On June 25, 2026, I issued a decision awarding damages to Petitioner based on the Respondent's proffer. ECF No. 84.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $61,376.91 (representing $51,455.00 in fees plus $9,921.91 in costs). Petitioner's Motion for Attorneys' Fees and Costs and Request for Attorney's Rate Increase for 2026 ("Motion"), filed August 26, 2026, ECF No. 89. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 89-6.

Respondent reacted to the Motion on September 4, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. However, Respondent deems excessive the requested twenty percent increase in the hourly rate for Petitioner's expert economist. Response to Motion at ECF No. 90. On September 11, 2026, Petitioner filed a reply addressing the expert rate and requesting that the amount of fees and costs sought in the Motion be awarded. ECF No. 91.

*Attorney rates*

The rates requested for attorney work performed through 2025 are reasonable and consistent with our prior determinations, and will therefore be awarded herein. The rates requested for 2026 attorney work were recently awarded and have been applied consistently here. *See Wilcher v. Sec'y of Health & Hum. Servs*., No. 25-992V, slip op. (Fed. Cl. Spec. Mstr. September 23, 2026). And all time billed to the matter was also reasonably incurred.

*Attorney Costs*

Petitioner's requests $9,921.91 in overall costs. ECF Nos. 89-3 at 2 and 89-4 at 2. These costs include medical record requests, postage, the Court's filing fee, and expert fees. With respect to the latter, Petitioner is requesting reimbursement of a $3,000.00 retainer, plus $4,050.00 in additional expert costs incurred for the work of Karen Smith, M.B.A., in calculating Petitioner's lost wages, with Ms. Smith billing $500.00 per hour. ECF No. 89-4 at 2.

In his response, Respondent argues that this expert hourly rate is excessive. ECF No. 90. In some recent decisions (one of which is only three years old), Ms. Smith was awarded $400.00 per hour for her work,[3] and thus now appears to be seeking an increase

[3] *See McGrail v. Sec'y of Health & Hum. Servs*., No. 17-926V, 2023 WL 2569884 (Fed. Cl. Spec. Mstr. March 20, 2023); *Sipes v. Sec'y of Health & Hum. Servs*., No. 17-1181V, 2020 WL 2957853 (Fed. Cl. Spec. Mstr. May 4, 2020).

in her rate. Although Respondent concedes that it may be appropriate to allow expert rate increases despite prior rate determinations, a twenty percent increase in only three years is, in Respondent's view, excessive.

Respondent is generally correct that Program experts are not automatically entitled to rate increases over time (differentiating them from counsel, whose rates are increased yearly as a function of inflation). But in this instance, and given Ms. Smith's extensive experience, qualifications, and the quality of her work, I find that the increase in her rate to $500 per hour is reasonable (and the amount billed to this matter was not otherwise excessive). Accordingly, it will be awarded.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$61,376.91 (representing $51,455.00 in fees plus $9,921.91 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.